UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kasien Adderley,<br><br>      Plaintiff,<br><br>  -against-<br><br>Joseph Carrasco, in his individual capacity; Catherin Melendez, in her individual capacity; Cortney Allen, in his individual capacity; Flavio Rodriguez, in his individual capacity; and Francis Zito, in his individual capacity,<br><br>      Defendants. | ECF CASE<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>11 Civ. 6780 (DLC) |

**PRELIMINARY STATEMENT**

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the defendants' commissions of acts under color of law in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

**JURISDICTION**

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

**VENUE**

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to this claim took place in the Southern District of New York.

**JURY DEMAND**

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled

herein.

## PARTIES

6. Plaintiff KASIEN ADDERLEY is a resident of New York City.

7. Defendants JOSEPH CARRASCO, CATHERIN MELENDEZ, CORTNEY ALLEN, FLAVIO RODRIGUEZ and FRANCIS ZITO were police officers employed by the New York City Police Department (the "NYPD"), a department of the City of New York (the "City") responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.

8. The defendants are each sued in their individual capacities.

9. At all times relevant herein, the defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City and incidental to the lawful pursuit of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

10. On January 16, 2010, at around 11:00 PM, the plaintiff and his fiancée, Mary Deyo, were gathered with friends and family members in front of 230-238 West 111th Street in Manhattan, the apartment building in which Mr. Adderley's mother lives. Included in this group were two of Mr. Adderley's sisters, Ebony Adderley and Rasheeda Adderley, and their "significant others," Brian Grisham and Nathaniel Parks. Also present was a family friend, Tiran Branch. Several young

children were with the group as well.

11. Mr. Branch had just purchased pizza and chicken wings, which he and some of the others were enjoying, when a police vehicle pulled up in front of the building and several officers, defendants herein, got out.

12. One of the police officers grabbed Mr. Adderley and handcuffed him behind his back.

13. Mr. Adderley was put into the police van, which would eventually contain Mary Deyo, Nathaniel Parks, Ebony Adderley, Brian Grisham and Tiran Branch, all of whom had also been arrested, and driven to the NYPD's 28th Precinct.

14. When the van pulled into the precinct, one of the defendant officers climbed into the back of the van, where he punched a still-handcuffed Mr. Adderley in the face. The same officer also punched Ms. Deyo.

15. Officers began to pull out the occupants of the van. Mr. Adderley, along with Mr. Parks, was physically thrown out of the van.

16. Mr. Adderley was held at the 28th Precinct until early the next morning when the police took him to Bellevue Hospital. He was released the same day and returned to police custody.

17. Mr. Adderley was finally arraigned the evening after his arrest and released on his own recognizance.

18. On November 17, 2011, after making several court appearances, Mr. Adderley's case was adjourned in contemplation of dismissal. The case was dismissed on May 16, 2011.

## CAUSE OF ACTION

19. All other paragraphs herein are incorporated by reference as though fully set forth.

20. In assaulting, arresting, detaining and charging Plaintiff, the defendants engaged

under color of law in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable searches and seizures, excessive force, false arrest and imprisonment and malicious prosecution.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorney's fees; and

4. Grant any other relief the court deems appropriate.

Dated: New York, New York
       January 11, 2012

                                          Respectfully submitted,

                                          /s/

                                        _____
                                        Darius Wadia
                                        Darius Wadia, L.L.C.
                                        Attorney for Plaintiff
                                        233 Broadway, Suite 2208
                                        New York, New York  10279
                                        dwadia@wadialaw.com
                                        (212) 233-1212/1216