UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

| | |
|---|---|
| **KASIEN ADDERLEY,** | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| **PLAINTIFF,** | |
| -AGAINST- | 11 Civ 6780 (DLC) |
| **Joseph Carrasco, in his individual capacity; Catherin Melendez, in her individual capacity; Courtney Allen, in his individual capacity; Flavio Rodriguez, in his individual capacity; and Francis Zito, in his individual capacity,** | |
| **DEFENDANTS**. | |

------------------------------------------------------------------

## PRELIMINARY STATEMENT

Defendants Officer Joseph Carrasco, Sergeant Flavio Rodriguez, Officer Catherin Melendez, Officer Cortney Allen and Officer Francis Zito hereby submit the instant reply memorandum of law in further support of their motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. By motion dated February 6, 2012, defendants sought dismissal of plaintiff's complaint on the grounds that plaintiff's execution of a prior General Release in another matter, bars the filing of the instant lawsuit. In his opposition papers dated March 16, 2012, plaintiff argues that his claims are not barred because the defendants in the instant case could not have been properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure, and therefore, the defendants were not released by the language of the General Release. For the reasons set forth herein, and in defendants' February 6th motion, defendants respectfully submit that plaintiff's complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6).

# ARGUMENT

## POINT I

### PLAINTIFF'S EXECUTION OF THE PRIOR RELEASE BARS THE INSTANT ACTION

Both the Second Circuit and District Courts in this Circuit have held that releases containing the same language used here bars claims made under similar circumstances where a plaintiff enters into a settlement, executes a general release, and then brings a new lawsuit alleging other claims that "could have been alleged" in a prior action. In fact, the Second Circuit has recently addressed this same issue in the matter of Tromp v. City of New York, et al., No. 11-4132-cv, Summary Order at *3 (2d Cir. March 8, 2012). In Tromp, which was not referenced or cited to in plaintiff's opposition papers, the Second Circuit found that the language of defendants' General Release is "plain and unambiguous, and it is broad in scope." Id. at *4.

The facts in Tromp are similar to the facts in the instant matter. In that case, plaintiff filed suit against the City of New York and certain police officers on October 28, 2010, alleging that his constitutional rights were violated on September 10, 2010. Id. On March 16, 2011, plaintiff's claims were dismissed pursuant to a general release that was identical to the release at issue in the instant matter. On or about June 10, 2011, the plaintiff in Tromp filed another lawsuit against different police officers alleging a violation that occurred on June 17, 2010. Id. The Second Circuit held that "[a]lthough the June 17, 2010 incident involved a different arrest, it was similar in nature to the arrest that was the subject of Tromp I. Therefore, the allegations at issue here 'could have been alleged' in Tromp I." Id. at *4. In essence, even though the second lawsuit involved a different arrest, different officers and occurred on an entirely different date, the Court affirmatively held that plaintiff's claims "could have been alleged" in the first lawsuit and thus, were barred by the general release.

The facts and circumstances in the instant case are strikingly similar. Plaintiff in this case filed a lawsuit on January 15, 2010, alleging that he was unlawfully arrested by New York City police officers.[1] A settlement agreement in that matter was reached on or about August 3, 2011, whereby the City paid Mr. Adderley the sum of $12,500. In connection with that settlement, plaintiff also executed a General Release wherein he agreed to "release and discharge "the defendants' successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from *any and all claims which were or could have been alleged by me in the aforementioned action*, including all claims for attorneys' fees, expenses and costs." (emphasis added). On or about September 27, 2011, plaintiff filed the instant complaint alleging that his rights were violated by different New York City Police officers on January 16, 2010 (shortly after the alleged incident in Adderley 1).

In his opposition, plaintiff argues that because certain facts and claims of the arrests are different, they are not logically related for the purposes of Fed. R. Civ. P. 20 and thus, he is not bound by the general release he signed. However, since the requirements of Rule 20 are read liberally, plaintiff's claims clearly could have been brought in the first action. A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., 1998 U.S. Dist. LEXIS 4175, at *19 (S.D.N.Y. Mar. 27, 1998) (stating that "[t]he requirements of Rule 20 are to be given a liberal interpretation…to enable the court to 'promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding'") (quoting Kovian v. The Fulton County Nat'l Bank and Trust Co., 1990 U.S. Dist. LEXIS 3526 (S.D.N.Y. Mar. 28, 1990)). To support his argument that joined of the previous claims is improper plaintiff cites two

---

[1] Plaintiff avers in his opposition that the correct date of his first arrest was January 12, 2010, not January 15, 2010.

cases in which a motion to sever was granted: Corporan v. City of Binghamton, 2006 U.S. Dist. LEXIS 74963 (N.D.N.Y Oct. 16, 2006) and Deskovic v. City of Peekskill, 673 F.Supp.2d 154 (S.D.N.Y. 2009). However, for the following reasons, the circumstances in those cases are different. For instance Corporan involved multiple plaintiffs alleging claims against multiple defendants. The Court in that case used its broad discretion in weighing the factors regarding severance, and ultimately granted the defendants' motion to sever some, but not all, of the claims. In the instant matter, there is only one plaintiff and two incidents, both of which involved plaintiff and New York City police officers. Both causes of action could have been joined. Moreover, in the Deskovic case, a court severed plaintiff's claims against municipal and police defendants from those against a correction officer defendants. The Court held that the misconduct alleged against the correction officer was a different type than that alleged against the other defendants. Once again, that same analysis does not apply in the instant matter. Here, both of plaintiff's lawsuits were against New York City Police officers. While the specific facts of each incident are different, they could have been joined in one pleading.

In its ruling in Tromp, the Second Circuit was clear that the language of the General Release includes those "claims arising out of separate, 'pre-existent' events, much like the issue in the present case. Tromp, at *4. In the February 6th motion papers, defendants cited several instances in which plaintiffs have brought suit in federal court alleging multiple instances. The law is well-settled that releases containing language similar to that which was used in the instant action, bar future claims that "could have been alleged" in a prior action. E.g., Tromp, at *4; Lewis v. City of New York, 2011 U.S. Dist. LEXIS 83289 (E.D.N.Y. July 28, 2011); Madison Square Garden v. National Hockey League, 07 Civ. 8455 (LAP), 2008 U.S. Dist. LEXIS 80475, at *18-19 (S.D.N.Y. Oct. 10, 2008); Sibersky v. Borah, Goldstein,

Altschuler and Schwartz, 99 Civ. 3227 (JGK), 2002 U.S. Dist. LEXIS 13218, at *14-19 (S.D.N.Y. July 15, 2002). The result that defendants seek here serves the judicial goal of "finality" to litigation, the prevention of endless successive lawsuits involving the same parties, and tactical gamesmanship such as that employed here, where the complaint in this action was served within two months after the first lawsuit was settled. The General Release is wholly unambiguous and thus requires that plaintiff's claims in this lawsuit be dismissed.

## CONCLUSION

For the reasons set forth herein, and in defendants' February 6th motion, the Amended Complaint should be dismissed, in its entirety, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated:   New York, New York  
         March 30, 2012

>                       MICHAEL A. CARDOZO  
>                       Corporation Counsel of the  
>                       City of New York  
>                       *Attorney for Defendants Officer Carrasco,*  
>                       *Officer Melendez, Officer Allen, Officer Zito*  
>                       *and Sergeant Rodriguez* 100 Church Street  
>                       New York, New York 10007  
>
>                             /S  
>                       By:_____  
>                           Brian J. Farrar  
>                           Assistant Corporation Counsel  
>                           Special Federal Litigation Division

To:   Darius Wadia, Esq. (By ECF)  
      *Attorney for Plaintiff*